UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60878-CIV-MARRA

JAMES KISSINGER AND MARIE CULBERT,

Plaintiffs,

vs.

WELLS FARGO BANK, N.A., as Trustee for
Soundview Home Loan Trust 2007-Opt2,
Asset Backed Certificates, Series 2007-Opt2,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Wells Fargo Bank, N.A.'s ("Defendant") Motion to Dismiss Complaint (DE 6).  The motion is fully briefed and ripe for review.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

On May 10, 2012, Defendant filed a Notice of Removal of Plaintiffs James Kissinger and Marie Colbert's ("Plaintiffs") one count Complaint brought pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 et seq. (Notice of Removal, DE 1; Compl., DE 1-2.)  According to the allegations of the Complaint, Plaintiffs own a home in Broward County, Florida. (Compl. ¶ 5.) Defendant is a creditor as defined in 15 U.S.C. § 1602(g). (Compl. ¶ 4.)  Defendant hired American Home Mortgage Servicing, Inc. ("AHMSI") to service the subject loan. (Compl. ¶ 6.) AHMSI serviced the loan obligation owned by Defendant and secured by a mortgage on Plaintiff's home. (Compl. ¶ 7.)

On or about February 8, 2011, AHMSI received a written request to identify the owner of

Plaintiffs' promissory note. (Compl. ¶ 12; Feb. 8, 2011 letter, Ex. A, DE 1-2.) The letter requested, among other things, the "full name, address and telephone number of the owner or master servicer of the original mortgage note." (Feb. 8, 2011 letter.) On or about March 16, 2011, AHMSI responded, stating in pertinent part:

> The owner and Note holder for the above-mentioned loan is Wells Fargo Bank, N.A. . . . AHMSI is the mortgage servicer on this mortgage loan and collects payments on behalf of the owner. Below is the address for AHMSI:
>
> Wells Fargo Bank N.A. [ ]
> c/o AHMSI
> 1525 S. Beltline Road
> Coppell, Texas 75019
> Phone: 1-877-304-3100

(Mar. 16, 2011 letter, Ex. B, DE 1-2.)

This response only provided the name of the owner of the obligation, and not the address or telephone number, in violation of TILA. (Compl. ¶¶15-20.) As its servicer, AHMSI is the agent of Defendant and Defendant is responsible for its failure to respond properly. (Compl. ¶¶ 21-22.)

Defendant seeks to dismiss the Complaint on the following grounds: (1) the allegations of the Complaint demonstrate Defendant complied with TILA because AHMSI acted as a master servicer and TILA requires Defendant to provide information regarding either the owner or the master servicer; (2) TILA's statutory language does not support vicarious liability for Defendant (as creditor), for AHMSI's, (as servicer), failure to respond to Plaintiff's request and (3) TILA is unconstitutionally vague as to vicarious liability and should therefore be stricken as unconstitutional.

II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon

which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." <u>Id.</u> at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).

III. Discussion

TILA is a consumer protection statute that seeks to "avoid the uninformed use of credit" through the "meaningful disclosure of credit terms," thereby enabling consumers to become informed about the cost of credit. 15 U.S.C. § 1601(a). Besides imposing criminal liability, TILA creates a private cause of action for actual and statutory damages for certain disclosure violations. 15 U.S.C. § § 1611 (criminal liability), 1640(a)[1] (civil liability).

---

[1] This provision provides in pertinent part:

(a) Individual or class action for damages; amount of award; factors determining amount

Section 1641 of TILA provides in pertinent part:

(f) Treatment of servicer

(1) In general

A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation.

(2) Servicer not treated as owner on basis of assignment for administrative convenience

A servicer of a consumer obligation arising from a consumer credit transaction shall not be

of award

Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, subsection (f) or (g) of section 1641 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--

(1) any actual damage sustained by such person as a result of the failure;

(2)(A) (i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, (ii) in the case of an individual action relating to a consumer lease under part E of this subchapter, 25 per centum of the total amount of monthly payments under the lease, except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000, (iii) in the case of an individual action relating to an open end consumer credit plan that is not secured by real property or a dwelling, twice the amount of any finance charge in connection with the transaction, with a minimum of $500 and a maximum of $5,000, or such higher amount as may be appropriate in the case of an established pattern or practice of such failures; or (iv) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $400 or greater than $4,000;

. . .

With respect to any failure to make disclosures required under this part or part D or E of this subchapter, liability shall be imposed only upon the creditor required to make disclosure, except as provided in section 1641 of this title.

> treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation. Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation.

15 U.S.C. § 1641(f).

> (g) Notice of new creditor
>
> (1) In general
>
> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including--
>
> (A) the identity, address, telephone number of the new creditor;
> (B) the date of transfer;
> (C) how to reach an agent or party having authority to act on behalf of the new creditor;
> (D) the location of the place where transfer of ownership of the debt is recorded; and
> (E) any other relevant information regarding the new creditor.

15 U.S.C. § 1641(g).

A "master servicer" is defined as "the owner of the right to perform servicing, which may actually perform the servicing itself or may do so through a subservicer." 24 C.F.R. § 3500.21. A subservicer does not own the right to perform the servicing, but does so on behalf of the master servicer. Id. TILA does not impose liability on servicers, but rather on creditors who fail to comply with various requirements under TILA. 15 U.S.C. § 1640(a).

With this in mind, the Court begins by disposing of Defendant's argument that the allegations of the Complaint demonstrate full statutory compliance with TILA. Although the letter sent to Plaintiffs provided AHMSI's name, address and telephone number, the letter failed to state that

AHMSI is the master servicer or identify the name, address and telephone number of the owner. Nonetheless, Defendant claims the letter provided Plaintiffs with adequate information to allow them to conclude that AHMSI is the master servicer on their loan. This argument, however, is a defense that may be raised by Defendant but, at this early stage of the proceedings, the Court cannot resolve this issue as a matter of law

Next, the Court will address Defendant's other basis for dismissal; namely, that the statutory language of TILA does not support vicarious liability for creditors. According to Defendant, as the creditor of Plaintiffs' mortgage, it cannot be held vicariously liable for damages under section 1602(f)(2) for the alleged failure of AHMSI to respond properly to Plaintiffs' request for information about the owner of their mortgage. In support, Defendant relies on Holcomb v. Federal Home Loan Mortgage Corp., No. 10–81186–CIV, 2011 WL 5080324 (S.D. Fla. Oct. 26, 2011).

In Holcomb, the borrowers on a mortgage sued the owner of their note and mortgage for violations under TILA. The basis of the claim was the failure of the loan servicer to respond properly to the borrowers for the identity of the owner of the note and mortgage. Id. at * 1. The borrowers argued that the owner of the note and mortgage was liable for the servicer's failure because the servicer was its agent. In addressing this argument, the Holcomb court stated, "TILA presents an apparent conundrum by imposing an obligation on servicers to provide information on request but also absolving servicers of any liability under TILA where the servicers are not also the owners of the obligations." Id. at * 6. The Holcomb court noted that other courts have "attempted to rectify this issue by allowing for the possibility of agency liability under TILA." Id. (citing Consumer Solutions REO, LLC v. Hillery, No. C–08–4357 EMC, 2010 WL 144988, at *3 (N.D. Cal. Jan.8, 2010)).

6

In rejecting this approach, the Holcomb court observed that Congress has taken its "own approach to rectifying the problem, which has not been to apply agency principles to TILA but rather to add provisions imposing an affirmative duty on transferees—including assignees—to notify borrowers in writing of the transfer." Id. (citing 15 U.S.C. § 1641(g)). Based on this 2009 amendment, the Holcomb court stated that "[t]his approach ensures access to information without increasing the risk that some [creditors] would use information requests under (f)(2) as a means to gain leverage rather than an attempt to gain information" despite the "disastrous effects failure to disclose can have on a [creditor's] ability to exercise rights under TILA." Id. (quoting In re Carlton, No. 10–40388–JJR–13, 2011 WL 3799885 (Bkrtcy. N.D. Ala. Aug.6, 2011) (internal quotation marks omitted)). Based on this interpretation of TILA, the Holcomb court held that the creditor could not be held liable for the servicer's failure under TILA.

In responding, Plaintiffs note that other decisions have since disagreed with Holcomb and applied vicarious liability to circumstances similar to the instant case. Plaintiffs urge the Court to adopt the reasoning of those cases, pointing out that "TILA is a consumer protection statute, and as such must be construed liberally in order to best serve Congress' intent." Ellis v. General Motors Acceptance Corp., 160 F.3d 703, 707 (11th Cir. 1998). Plaintiffs emphasize that the Court must look to TILA as a whole. United States v. Boisdore's Heirs, 49 U.S. 113, 122 (1850) ("[i]n expounding a statute, [courts] must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy."). Plaintiffs state that adopting the rationale of Holcomb would result in Plaintiffs having no remedy at law for Defendant's failure to comply with 15 U.S.C. § 1641(f)(2), and would be contrary to TILA's remedial purpose of protecting consumers. See Bragg v. Bill Heard Chevrolet, Inc., 374 F.3d 1060, 1068 (11th Cir.2004) (TILA

has a strong remedial purpose and will be construed liberally in the consumer's favor). (Resp. at 6-8.)

With respect to the amendment that added a private cause of action, Plaintiffs point out this amendment "was in part, a reaction to the continuing concern that, lacking a private right of action, section 1641(f)(2) had failed to protect homeowners from harms associated with nondisclosures." Davis v. Greenpoint Mortg. Funding, Inc., No. 1:09–CV–2719–CC–LTW, 2011 WL 7070221, at *3 (N.D. Ga. Mar. 1, 2011) report and recommendation adopted in part, rejected in part on other grounds, 2011 WL 7070222 (N.D. Ga. Sept. 19, 2011) (citing 155 Cong. Rec. S5173–74 (daily ed. May 6, 2009) (internal quotation marks omitted); see In re Meyer, 379 B.R. 529, 553–554 (Bkrtcy. E.D. Pa. Nov.29, 2007) (describing situation where consumers attempted to exercise rescission rights pursuant to TILA, servicer refused to reveal identity of note holder, and statute of limitations for the cause of action expired). (Resp. at 8.)

As noted by Plaintiffs, several cases have disagreed with Holcomb's reasoning, finding instead that agency principles apply to section 1641(f)(2). For example, in Consumer Solutions REO, LLC v. Hillery, No. C–08–4357 EMC, 2010 WL 1222739 (N.D. Cal. Mar. 24, 2010), the court rejected the theory relied upon in Holcomb; namely, that Congress amended TILA to include section 1641(g) as a way to impose liability on a creditor.[2] Id. at * 4. Instead, the Hillery court found there

---

[2] In rejecting that theory, the Hillery court stated:

If § 1641(g)(1) simply required a creditor to provide the above information upon a request by the obligor, as in § 1641(f)(2), this would be strong evidence that Congress enacted § 1641(g)(1) to effectuate a change to § 1641(f)(2)—by expanding liability from the servicer to the creditors. This would imply that prior to 2009, liability was limited to the servicer. But § 1641(g)(1) does not merely require action from a creditor only upon a request by the obligor. Rather, § 1641(g)(1) puts an affirmative obligation on the creditor to act, regardless of the obligor's conduct. By doing so, it does far more than arguably expand the list of parties

was "no clear Congressional intent to preclude creditor liability" under section 1641(f)(2). Id. Looking at other cases, the Hillery court noted that "liability based on an agency relationship is generally cognizable under TILA." Id. (citing Roach v. Option One Mortgage Corp., 598 F. Supp. 2d 741, 753 (E.D. Va. 2009); In re Bumpers, No. 03 C 111, 2003 WL 22119929, (N.D. Ill. Sept. 11, 2003)). The Hillery court believed this approach particularly appropriate, given TILA's broad remedial purpose. Id. at * 5.

    Likewise, in Davis, the court also applied agency principles to section 1641(f)(2):

> To reconcile the substantive obligation imposed upon servicers in Section 1641(f)(2) and the remedial obligation levied upon creditors in Section 1640(a), this Court reads TILA to allow the application of agency principles so that creditors may be held vicariously liable for the acts of servicers as Plaintiff urges. By its plain language, 15 U.S.C. § 1641(f)(2) imposes a disclosure obligation that is directed to servicers only. Thus, it is a servicer's failure to act that gives rise to the private right of action that is authorized in 15 U.S.C. § 1640(a). See 15 U.S.C. § 1641(f)(2); 15 U.S.C. § 1640(a). TILA, however, does not contain any provisions allowing a consumer to bring a civil action against a servicer for a violation of Section 1641(f)(2). Section 1641(f)(2) does not provide for a servicer's liability for damages if it fails to comply with the section's obligations, 15 U.S.C. § 1641(f)(2), and the only provisions within Section 1641 concerning servicer liability limits a servicer's liability to situations in which the servicer was once an assignee or owner of the loan. 15 U.S.C. § 1641(f)(1). . . . Because TILA does not impose liability upon a servicer who is not an owner or assignee of a note, the private right of action that Section 1640(a) creates would be meaningless, unless agency principles permit a creditor to be held liable for Section 1641(f)(2) violations committed by its servicer. To avoid rendering Section 1640(a) superfluous, this Court concludes that agency principles apply, and creditors may be held vicariously liable for the Section 1641(f)(2) violations of their servicers. . . . This conclusion gives force to the disclosure provision in Section 1641(f)(2) and comports with the intent of TILA to be remedial in nature ... and ... [to] be construed liberally in order to best serve Congress's intent

---

who may be liable under § 1641(f)(2); it changes the substantive obligations of creditors. Therefore, . . . § 1641(g)(1)'s enactment does not implicitly presume that a creditor is not liable under § 1641(f)(2) for its servicer's failure to respond to a borrower's request for information.

Id. at * 4.

Davis, 2011 WL 7070221, at * 4 (internal citations and quotation marks omitted). Other courts have also applied vicarious liability to TILA. See, e.g., Galeano v. Federal Home Loan Mortgage Corp., No. 12–61174–CIV, 2012 WL 3613890, at * 5 (S.D. Fla. Aug. 21, 2012); Khan v. Bank of New York Melon, — F. Supp. 2d —, 2012 WL 1003509, at * 5 (S.D. Fla. Mar. 19, 2012); Rinegard-Guirma v. Bank of America, N.A., No. 3:10–cv–01065–PK, 2012 WL 1110071, at * 9 (D. Or. Apr. 12, 2012); Johnson v. Multi-Solutions, Inc., No. 08–5134 (AET), 2011 WL 3667554 at *3 (D.N.J. Aug. 22, 2011).

This Court chooses to follow the reasoning of the courts finding vicarious liability. There is no question that Congress created a cause of action as set forth in 15 U.S.C. § 1640(a). At the same time, Congress mandated that servicers would not be liable for a TILA violation. 15 U.S.C. § 1641(f). As such, the Court concludes that Congress intended the servicer's agent to be liable; otherwise, Congress created a cause of action with no one to sue for relief.

Lastly, the Court rejects Defendant's contention that TILA is unconstitutionally vague and must be stricken. To begin, civil statutes, regulating economic activities, are subject to a less strict vagueness test than criminal statutes. See Village of Hoffman Estates v Flipside Hoffman Estates, Inc., 455 U.S. 489, 498 (1982); Ford Motor Co. v. Texas Dep. of Transp., 264 F.3d 493, 507 (5th Cir. 2001).[3] Moreover, the burden for this Court to strike a statute for vagueness is high. Indeed, the United States Supreme Court has noted that federal courts should interpret federal statutes to avoid serious doubt of their constitutionality. United States v. Rumely, 345 U.S. 41, 45 (1953) (quoting Richmond Screw Anchor Co. v. United States, 275 U.S. 331, 346, (1928); Parker v. Levy, 417 U.S.

---

[3] The Court finds Defendant's reliance on Giaccio v. State of Pa., 382 U.S. 399 (1966), Roberts v. US. Jaycees, 468 U.S. 609 (1984) and Entertainment Concepts, Inc., III v. Maciejewski, 631 F.2d 497 (7th Cir. 1980), unpersuasive.

733 (1974)).  Lastly, the Court does not accept that different rulings by different courts on the interpretation of vicarious liability under TILA mandates a finding of vagueness.  This is especially the case, where as here, there is only one court which held that TILA does not support a finding of vicarious liability for a creditor.  Thus, the Court concludes that TILA should not be stricken for vagueness.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Complaint (DE 6) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of August, 2012.

_____
KENNETH A. MARRA
United States District Judge